**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CRAIG ALAN NEIL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-4136** |
| **DAVID T. SCHLUETER, ET AL** | **SECTION "B"(4)** |

**PARTIAL REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, **28 U.S.C. § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. On July 7, 2009, the undersigned Magistrate Judge conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff, Craig Alan Neil.[2] Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.   Factual Background**

   **A.   The Complaint**

The plaintiff, Craig Alan Neil ("Neil"), is incarcerated in the Avoyelles Correctional Center in Cottonport, Louisiana. He filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against Officer David T. Schlueter, Officer Brad J. Boyd, the Kenner Police Department, the City of Kenner, the

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain the factual and legal basis for the claims. *Spears*, 766 F.2d at 180. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barrientos*, 926 F.2d 480, 481 (5th Cir. 1991).

[2] Rec. Doc. No. 8. The plaintiff was sworn prior to testifying. The hearing was digitally recorded.

Supervisor on Duty, and the Chief of the Kenner Police. Neil alleges that, on March 8, 2008, he was operating a motor vehicle on 27th Street, in Kenner, Louisiana approaching a curve to the left onto Lexington Street. He claims that he passed a police car as he continued around the curve. The police car turned and pursued him. The officer in the car turned on the light and stopped him.

Neil further alleges that, when he stopped his car, he reached to the front of his seat to let the seat move backward, so that he could unlatch the seatbelt and exit the vehicle. As he reached to unlock the driver's door, he was immediately pulled from the vehicle and placed face down on the street. He claims that his left arm was held down and he had to break his fall with his right hand. He claims that he was sprayed in the face and eyes with pepper spray and handcuffed behind his back.

Neil also claims that he was lifted off of the ground by the police officers and walked to the hood of the car. He claims that they slammed him onto the hood, causing fractures to his right seventh, eighth, and ninth ribs. His claims of pain were ignored. He was placed in the police car and taken to the Kenner Police station.

Neil further alleges that he continued to complain about the pain and was ignored. He was pushed into a garage shower device to wash the pepper spray from his face. He was taken to an intake cell where he told the officer that he was in pain. He claims that he was told that if he needed to go to the hospital, it would be worse on him because the officers did not get paid for overtime. At this time, Neil claims he asked to speak to a lawyer. He was given a prison uniform and taken to a cell.

He claims that Officer Schlueter eventually opened the cell and inquired as to how he was feeling. Neil concedes that he did not answer him. Neil was later transported to the Jefferson Parish Correctional Center where he posted bond. He claims that he was unable to return to work because of his broken ribs. Neil seeks compensatory and punitive damages in the amount of $1.5 million.

B.  **The *Spears* Hearing**

Neil testified that he was driving his car in Kenner, Louisiana trying to get to Transcontinental Drive. He stated that he was traveling 20 mph as he approached a curve to his left. A Kenner Police patrol car was pulled into a driveway on the left. The patrol car pulled up behind him, followed him, and then pulled him over.

Neil further testified that, when the officers approached his car, they were hollering at him to keep his hands visible. Another officer yelled for him to exit the vehicle. While he was exiting the vehicle, one of the officers pulled him out of the car. The officer held his left arm down to his side and pushed him down to the ground.

Neil also testified that he was sprayed with mace, moved to a patrol car, and slammed onto the hood. He stated that he began feeling pain in his ribs and had difficulty breathing. He also claimed that, during questioning, the officers became irrate. He stated that because he refused to speak to them, they immediately placed him in a jumpsuit and threaten him with violence if he made a false move. He further stated that the officers placed him a cell that had feces all over the walls.

Neil testified that he told the officers that he could not breath but they provided no medical help. He stated that one of the officers came to see him, indicating that he knew that Neil was hurt. Neil stated that the officer told him that he would be transferred to Jefferson Parish Correctional Center where he was eventually released on bond.

He also testified that he tried to go back to work but he was in pain. He went to the hospital a few days later and the X-rays showed fractures, but there was nothing they could do. He also testified that he was having emotional problems because he could no go back to work.

Neil also testified that he was charged with possession of paraphernalia, possession of cocaine, resisting arrest, and a traffic violation for failing to use a turn signal when making a left turn. Neil stated that he entered pleas of guilty to the charges after having trouble finding counsel to represent

3

him. He testified that he received a five year sentence for each of the possession counts and six months for resisting arrest. Neil conceded that he had a prior criminal record and that he likely would be multi-billed if he did not take the deal offered to him.

He also stated that he filed suit against Officer Schlueter because he completed the report along with Officer Boyd. He alleges that Officer Boyd was the transporting officer. Neil admitted that he did not know who slammed him onto the hood of the car. He further testified that Officer Boyd was the one that put him in the shower to wash off the pepper spray. He stated that he filed suit against the police chief because he failed to train his officers properly.

## II. **Standard of Review for Frivolousness**

Title 28 U.S.C. § 1915A requires the Court to screen a prisoner's *pro se* complaint for alleged civil rights violation as soon as practicable after docketing, regardless of whether it has also been filed *in forma pauperis*.[3] 28 U.S.C. § 1915A(a) (2006); *Ruiz v. United States*, 160 F.3d 273 (5th Cir. 1998); *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints must be dismissed upon review if they are frivolous or fail to state a claim,[4] or if they seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) (2006); 42 U.S.C. § 1997e(c)(1) (2006).

---

[3] Neil paid the filing fee in this case and is not proceeding *in forma pauperis*.

[4] The standard for failure to state a claim in this context is the same as that for Fed. R. Civ. P. 12(b)(6), which requires the court to accept as true all well-pleaded facts and to draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing a change in the standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the ASSUMPTION THAT ALL THE allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (uppercase and parenthetical in original) (quotation marks, citations, and footnote omitted). Plausible grounds "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Id*. at 556. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002)). Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Tuchman v. DSC Collins v. Morgan Stanley Dean Witter*, 14 F.3d 1061, 1067 (5th Cir. 1994).

4

The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). A claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

In addition to the initial review required under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e, the district court may also dismiss an action on its own motion under Fed. R. Civ. P. 12(b)(6) "as long as the procedure employed is fair." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (quotation and citation omitted). Thus, before a *sua sponte* dismissal, the court should provide the *pro se* plaintiff with notice and an opportunity to amend, unless the court finds that the plaintiff has alleged his best case. *Id*. (citing *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986), *Moawad v. Childs*, 673 F.2d 850, 851-52 (5th Cir. 1982)). However, the court need not seek further factual development and should dismiss the case with prejudice when the complaint alleges the plaintiff's best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (citing *Jacquez*, 801 F.2d at 792); *Bazrowx*, 136 F.3d at 1054.

In this case, the Court is able to consider and resolve the plaintiff's claims under § 1915A and § 1997e.

### III. Claims against the City of Kenner and the Kenner Police Department

Neil has named as a defendant the Kenner Police Department and the City of Kenner. The claims against these defendants are frivolous and otherwise fail to state a claim for which relief can be granted.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of law." 42 U.S.C. § 1983 (2006); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). A police department is not a legal entity or person capable of being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). The State of Louisiana grants no such legal status to any law enforcement office or department. *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So. 2d 236 (La. Ct. App. 1977), *writ refused*, 352 So. 2d 235 (La. 1977). The City of Kenner Police Department is not a "person" for purposes of § 1983 liability. Under these circumstances, all claims against the City of Kenner Police Department must be dismissed as legally frivolous and otherwise for failure to state a claim for which relief can be granted.

Neil also names the City of Kenner, as if it is responsible for the alleged excessive force used by the Kenner police officers. Neil, however, has failed to allege facts that could result in liability against the City of Kenner.

Local governing bodies are "persons" within the meaning of § 1983 and therefore, are subject to suit under that provision. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). However, a governmental body may not be held vicariously liable for the actions of its employees; rather, it can be liable only "when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible." *Id.*

Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute an official policy. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984), *on reh'g*, 739 F.2d 993 (5th Cir. 1984); *see also Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos County, Tex.*, 981 F.2d 237, 245 (5th Cir. 1993). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. *See*, *e.g.*, *Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 F. App'x 315, 316 (5th Cir. 2003). A plaintiff also must allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of their injury. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992); *Berry v. McLemore*, 670 F.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds*, *Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986).

In the instant case, Neil has failed to identify a parish policy or allege that a parish policy caused the alleged violations he asserts in the manner contemplated by *Monell*. Consequently, Neil's claims against the City of Kenner should be dismissed as frivolous and for failure to state a claim for which relief may be granted.

**IV. Recommendation**

It is therefore **RECOMMENDED** that Neil's §1983 claims against the defendants, Kenner Police Department and the City of Kenner be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e.

Neil's remaining claims of excessive force, denial of medical care, and failure to train against Schlueter, Boyd, the police chief, and the supervisor on duty remain referred to the undersigned Magistrate Judge for further consideration.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 7th day of January, 2010.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.